UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| In re:<br>**MICHAEL JAMES JARVIS**<br>Debtor | | Chapter 7 Case<br># 03-11485 |
| **REBECCA J. JARVIS,**<br>Plaintiff<br>v.<br>**MICHAEL JAMES JARVIS,**<br>Defendant. | Filed & Entered<br>On Docket<br>12/03/04 | Adversary Proceeding<br># 04-1003 |
| *Appearances:*   Michael R. Kainen, Esq.<br>White River Junction, Vt.<br>For the Debtor / Defendant | | Rebecca A. Rice, Esq.<br>Rutland, Vt.<br>For the Plaintiff |

**MEMORANDUM OF DECISION**
**GRANTING IN PART AND DENYING IN PART**
**THE DEBTOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Rebecca J. Jarvis (the "Plaintiff") commenced this adversary proceeding under §§ 523(a)(5) and 523(a)(15),[1] asserting that certain debts and obligations Michael James Jarvis (the "Debtor") incurred in connection with the Parties' divorce decree are non-dischargeable either because they are alimony, maintenance and support or, alternatively, because the Debtor has the ability to pay them. On September 2, 2004, the Parties filed a Statement of Undisputed Facts (doc. # 16). Shortly thereafter, the Debtor filed a Motion for Partial Summary Judgment (doc. # 17) and a Supplemental Motion for Partial Summary Judgment (doc. # 21)(collectively, the "Debtor's Motion"). The Debtor's Motion specifically seeks summary judgment on the Plaintiff's assertion that certain debts are in the nature of alimony and support and are therefore, non-dischargeable under § 523(a)(5). The Plaintiff filed an objection and a Cross-Motion for Summary Judgment (docs. ## 25 and 26) (collectively, the "Plaintiff's Cross-Motion").

In her Complaint, the Plaintiff seeks a determination that the following debts are non-dischargeable: (1) the amounts due and owing to Discover, J.C. Penney, AT&T Universal Card, Elan, MBNA, Harley Davidson Visa, Capitol One Mastercard, Citibank, Nautilus Group, MBNA Gateway, and MBNA American; and (2) all debts related to the Debtor's business and business property.

---

[1] All references to specific statutory sections, unless indicated otherwise, refer to Title 11 of the United States Code (the Bankruptcy Code).

However, during the course of discovery and in the submission of her papers, the Plaintiff conceded that the only debts she seeks to have excepted from discharge are those owed to MBNA, Elan, and Perkins Home Center (collectively, the "Disputed Debts"). In the Plaintiff's Cross-Motion, the Plaintiff indicated that she would be amending the Complaint to reflect that the only obligations at issue are the three described herein as the Disputed Debts. The Plaintiff has not amended her Complaint to date. However, in light of the Plaintiff's effective withdrawal of her request for relief as to these debts, the Court grants summary judgment for the Debtor as to the amounts owed to Discover, J.C. Penney, AT&T Universal Card, Gateway, and MBNA American, on both causes of action, since the Plaintiff no longer disputes the Debtor's right to discharge these debts.

With respect to the Disputed Debts, after considering the Final Order and Family Court Findings, the Court finds that partial summary judgment for the Debtor is proper. As to the debts owed to MBNA, Elan, and Perkins Home Center, the Court grants the Debtor's Motion on the § 523(a)(5) cause of action, but finds that genuine issues of material fact remain as to the § 523(a)(15) cause of action, and hence, denies summary judgment on that.

This Court has jurisdiction over the subject motions pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (I) and 1334.

## BACKGROUND FACTS

The pertinent facts are not in dispute. After nine years of marriage, the Parties separated in 2002. They have one minor child.[2] On August 19, 2003, the Windham Family Court issued a Final Order and Decree of Divorce and Property Division (the "Final Order"). Neither party appealed the Final Order of the Family Court. In the Final Order, the Debtor was ordered to pay child support to the Plaintiff in the amount of $300.00 per month. This amount of child support exceeded the guideline amount.

The Parties have stipulated as to the authenticity of the Final Order and the Family Court's Findings of Fact and Conclusions of Law (the "Family Court Findings") and have provided certified copies of the same to the Court for its review. Within the Family Court Findings, the court states:

> The court does not believe that an award of spousal maintenance is appropriate. With an appropriate award of child support (see below), the plaintiff [Plaintiff] will be able to meet her needs and to maintain the marital standard of living (or at least a reasonable standard, consistent with the parties' earnings). 15 V.S.A. § 752.
> . . .

---

[2] Although the Family Court papers refer to the child by name, in accordance with federal guidelines regarding confidentiality, the Parties' minor child will not be referred to by name within this memorandum.

> Overall, the most important factors affecting the court's division of the parties [sic] assets and liabilities are the parties' different earning capacities (the defendant's [Debtor's] being significantly greater), the parties equal contributions to the marriage in terms of work and energy, and the divisions of the assets that the parties have already in effect achieved through their lengthy separation. The court sought to achieve a division of assets that was close to 50/50, but that awarded the plaintiff somewhat more of the assets than defendant [Debtor], to account for lower earnings and lower ability to accrue property in the future.

Statement of Undisputed Facts, Exhibit B, pp. 17-18. The Parties do not dispute that each was ordered to pay certain debts incurred during the course of their marriage. However, the Parties do dispute whether the Disputed Debts the Debtor was ordered to pay in the Final Order are "...actually in the nature of alimony, maintenance or support" as that term is defined in § 523(a)(5)(B), and whether the debts may be excepted from discharge under § 523(a)(15).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); See also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247. Factual disputes that are irrelevant or unnecessary are not material. Id. Furthermore, materiality is determined by assessing whether the fact in dispute, if proven, would satisfy a legal element under the theory alleged or otherwise affect the outcome of the case. Id. In making its determination as to whether summary judgment is proper, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. Anderson, 477 U.S. at 249; see also Delaware & Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990).

## DISCUSSION

**A.    APPLICABLE STANDARDS FOR DETERMINING DISCHARGEABILITY**

Under the Bankruptcy Code, a debt owed "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record" is excepted from discharge. 11 U.S.C. § 523(a)(5).

Property settlements, on the other hand, may be discharged in bankruptcy. In re Brody, 3 F.3d 35, 38 (2d Cir. 1993). The former spouse seeking a determination that an obligation is excepted from discharge on the grounds that it was "actually in the nature of alimony, maintenance, or support" has the burden of proof. In re Kaufman, 115 B.R. 435, 439 (Bankr.E.D.N.Y.1990) and the cases cited therein. Federal bankruptcy law, not state law, controls the determination of whether an obligation is "in the nature of" support. In re Spong, 661 F.2d 6 (2d Cir.1981); In re Kaufman, 115 B.R. at 439.

Courts in the Second Circuit take a broad reading of the phrase "in the nature of support" in dischargeability disputes. In re Peters, 133 BR 291, 296 (Bankr.S.D.N.Y.1991). "[C]ongress has clearly required the bankruptcy court to protect the rights of a former spouse receiving alimony at the expense of a debtor seeking a fresh start." Forsdick v. Turgeon, 812 F.2d 801, 804 (2d Cir.1987). "By virtue of § 523(a)(5), Congress has chosen between two competing interests – those of bankrupts and those of their former spouses and offspring – and it chose in favor of the latter." Forsdick v. Turgeon, 812 F.2d at 802.

In seeking to determine the nature of a spousal obligation pursuant to a divorce decree, labels do not control the determination of a dischargeability issue. Forsdick v. Turgeon, 812 F.2d at 802; In re Spong, 661 F.2d at 9. Dischargeability must be determined by the substance of the liability rather than its form. Spong, 661 F.2d at 9. In order to reach an adjudication of dischargeability, this Court must determine the intent of the document which created the liability as manifested by the nature of the obligation and consideration of the rights and interests of the parties. Where the intent is clear from the document in question and this intent is consistent with the function actually served by the provisions of the divorce decree, and it is otherwise not contrary to public policy or equitable considerations, there is no reason for the court to look beyond the four corners of the document. See In re Brody, 120 B.R. 696, 698-99 (Bankr.E.D.N.Y.1990).

Courts in this circuit have considered various factors in making a determination as to whether a marital debt is actually in the nature of support, including:

(1) whether the obligation terminates on the death or remarriage of either spouse;
(2) the characterization of the payment in the decree and the context in which the disputed provisions appear;
(3) whether payment appears to balance disparate income;
(4) whether the payment is due in a lump sum or over time;
(5) whether the payments are to be made directly to the former spouse or to a third party;
(6) whether the parties intended to create an obligation of support;
(7) whether an assumption of a debt or creation of an obligation has the effect of providing the support necessary to ensure that the daily needs of the former spouse and any children of the marriage are met; and
(8) whether an assumption of debt or creation of an obligation has the effect of providing the support necessary to ensure a home for the former spouse and any minor children.

In re Kaufman, 115 B.R. 435, 440 (Bankr.E.D.N.Y.1990); In re Brody, 120 BR at 698. No one factor controls. In re Kaufman, 115 B.R. at 441. While the labels applied to the various sections of the decree are not binding on this Court, they clearly speak to the intent of the trier of fact when crafting the Decree. In re Seidel, 48 B.R. 371, 373 (Bankr. C.D. Illinois 1984).

**B.  TREATMENT OF THE DISPUTED DEBTS**

The Court will consider the substance of the Debtor's obligations on the Disputed Debts in the context of the Final Order and the Family Court Findings, against the factors delineated above. First, the Final Order and the Family Court Findings are silent on whether the Debtor's obligations on the Disputed Debts terminate on the death or remarriage of either spouse. However, the Family Court recognized that each of the parties were already involved in subsequent relationships at the time the findings were entered. See Family Court Findings p. 14. This Court finds the Family Court's recognition of the subsequent relationships to be indicative that the Debtor's obligations on the Disputed Debts would not be affected by the death or remarriage of either the Plaintiff or the Debtor.

Secondly, in its Findings, the Family Court specifically stated that the court did not believe that an award of spousal maintenance was proper. While this label does not control, this Court considers this statement to be some evidence that the Family Court did not intend to characterize the Disputed Debts as alimony or support.

Thirdly, the Family Court noted that the most important factors which affected the court's division of the parties' assets and liabilities are the parties' different earning capacities. See Family Court Findings p. 18. After dividing the marital debts, including the allocation of the Disputed Debts to the Debtor, the Family Court stated that in light of the disparities in the parties' earning capacities and future ability to acquire capital, the court found its <u>distribution of the property</u> to be fair and equitable. See Family Court Findings p. 21 (emphasis added)..

Fourthly, under the Family Court Findings and the Final Order, there is no specification as to whether the Disputed Debts are due in a lump sum or over time.

Fifthly, the Disputed Debts are not owed directly to the Plaintiff, rather, the Debtor became solely responsible for the debts related to his business, and the outstanding obligations to Elan and MBNA through the Decree. The Debtor is to hold the Plaintiff harmless with respect to the Disputed Debts. The fact that a debt may be payable to a third party does not prevent classification of that debt as being owed to the former spouse or child of the debtors. In some instances, debts in the nature of support need not be payable directly to one of the parties listed in § 523(a)(5) in order to be non-dischargeable. In re Maddigan, 312 F.3d 589, 593 (2d Cir. 2002) (legal fees owed to third party for custodial proceeding characterized as a debt to child under

§ 523(a)(5)), see also, Spong, 661 F.2d at 10-11 (legal fees of former spouse in the nature of debt to spouse in the form of alimony, maintenance or support under § 523(a)(5)); In re Peters, 124 B.R. 433, 435 (Bankr.S.D.N.Y.1991) (legal fees of attorney appointed to represent minor son in custody dispute in the nature of maintenance and support) (citing cases). However, none of those instances apply here. Unlike the above-cited cases, there is no evidence in the instant case to support a finding that the Disputed Debts, payable to third parties, were delegated to the Debtor as debts owed to the Plaintiff or on the Plaintiff's behalf. While the Disputed Debts were joint marital debts, the Family Court Findings make clear that the delegation of the various debts among the Plaintiff and the Debtor were done in tandem with the division of the marital property.

There is no evidence that the parties intended to create an obligation of support.

Lastly, there is no indication that the Debtor's assumption of the Disputed Debts had the effect of providing support necessary to ensure that the daily needs of the Plaintiff and the Parties' minor child are met or to ensure a home for the Plaintiff. The Family Court Findings state that the court did not believe an award of spousal maintenance was appropriate in this case. Rather, with an appropriate award of child support (one that exceeded the guidelines), the Court indicated it believed the Plaintiff would be able to meet her needs and to maintain the marital standard of living or at least a reasonable standard, consistent with the Parties' earnings. See Family Court Findings p. 17. The award of child support in an amount that exceeded the guidelines was an attempt to "ensure that _____ [the minor child] maintains a standard of living that is roughly comparable in both of his homes."[3] See Family Court Findings p. 22-23. Consequently, the Court is not persuaded that the Debtor's assumption of the Disputed Debts had the effect of providing support necessary to ensure that the daily needs of the Plaintiff were met or to provide a home.

## Conclusion

For the reasons set forth above, the Court holds that the Debtor's assumption of the outstanding obligations to MBNA, Elan, and Perkins Home Center as a result of the Parties' divorce is in the nature of a property settlement. Therefore, the Debtor's obligations to MBNA, Elan and Perkins Home Center are not excepted from discharge under § 523(a)(5). Accordingly, the Debtor's motion for partial summary judgment is granted under § 523(a)(5). Since there is no evidence currently before the Court as to whether the Debtor's obligations to MBNA, Elan, and Perkins Home Center are eligible to be excepted from discharge under § 523(a)(15), that cause of action shall be resolved by trial.

---

[3] See footnote 2.

This memorandum constitutes the Court's findings of fact and conclusions of law.

|  |  |
|---|---|
| December 2, 2004 | Colleen A. Brown |
| Rutland, Vermont | United States Bankruptcy Judge |